## AMERICAN SAFETY RAZOR CORPORATION v. INTERNATIONAL SAFETY RAZOR CORPORATION et al.

### No. 3945.

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1932.

**BUFFINGTON**, Circuit Judge, dissenting.

See, also (D. C.) 26 F.(2d) 108; (C. C. A.) 34 F.(2d) 445; (C. C. A.) 36 F.(2d) 1017.

Thomas G. Haight, of Jersey City, N. J., and Milton Dammann, of New York City (Maurice R. Roche, of New York City, of counsel), for appellant.

Robert H. McCarter, of Newark, N. J., and Davies, Auerbach & Cornell, of New York City (Martin A. Schenck, of New York City, of counsel), for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This case presents the following situation: The bill, as filed, had attached to it as exhibits A, B, C, D, and E. Exhibits F, G, H, and I were not annexed to the bill, as they were not in existence at the time the complaint was filed. These latter exhibits are annexed to Defendants' Exhibit No. 28, as appears on pages 395 to 401 of the record. These exhibits were cartons, packages, etc., approved by Judge Hand prior to their actual use, as they only came into commerce following the entry of Judge Hand's order. Through an oversight, these four exhibits were not taken into consideration, as appears in the opinion filed, which reversed the action of the court dismissing the bill, and directed that the bill be reinstated.

A lengthy argument was then had by opposing counsel as to the form of the mandate. This resulted, on January 28, 1930, in the mandate which was sent to the court below, vacating the decree dismissing the bill, ordering that the same be reinstated, directing a decree in plaintiff's favor, enjoining the defendants from the use of the packages, cartons, etc.; the same being exhibits annexed to the bill of complaint, and marked "A, B, C, D, and E." The mandate also ordered an accounting for the profits of defendants in the sale of razor blades in the packages, marked "Exhibits A, B, C, D, and E," with other provisions therein not material here. Thus both in the opinion and the mandate issued to carry it into effect Exhibits F, G, H, and I were not referred to, and appear to have been wholly ignored.

Following this, on January 31, 1930, an application was made to Judge Thomson in Pittsburgh, based on an affidavit of Milton Dammann, one of plaintiff's counsel, for a rule to show cause why the order for mandate, dated January 22, 1930, should not be amended, on the ground that the court in entering its mandate, overlooked Exhibits F, G, H, and I, they not being annexed to the bill of complaint, as they were not in existence when the bill was filed. When this rule came before the court on April 23, 1930, the court ordered that the rule to show cause why the order for mandate, dated January 27, 1930, should not be amended by including among the exhibits to be enjoined and accounted for, Exhibits F, G, H, and I, should be discharged.

On May 22, 1930, counsel for plaintiff addressed a communication to the court, in reference to the court's order of April 23d, denying the motion for an amendment to the mandate, stating that it was plaintiff's understanding that in denying the motion the court did not intend to decide whether the packages F, G, H, and I should be enjoined and accounted for, but intended to leave that matter for determination in the first instance by the trial judge.

On October 16, 1930, Mr. Rowland, clerk of the Circuit Court of Appeals, wrote to Mr. Dammann, in answer to the foregoing letter, stating, in substance, that he was directed by the court to advise that neither in denying the appellant's motion nor in any of the orders made, have they decided, or intend to decide, whether the packages F, G, H, and I are to be enjoined and accounted for, but that that question is left for determination by the trial court in the first instance.

Then followed the present motion for the entry of a formal order nunc pro tunc in accordance with the determination of the court,

as evidenced by the letter of the clerk dated October 16, 1930.

In this situation, it is strongly urged by defendant's counsel that, the mandate of the court having gone down, and the term at which it was made having passed, the court is without power to amend its mandate in any way. This proposition, as a matter of law, is freely conceded, but in our opinion this legal position is not controlling in the circumstances here. There is no effort on the part of the plaintiff now to amend the mandate. That mandate was in entire harmony with the opinion of the court, which it was drawn to carry into effect. A provision of that mandate was that the decree dismissing the bill be vacated and the bill be reinstated. That bill is now before the trial court. The order asked for directs the judge to hear and determine in the first instance, whether Exhibits F, G, H, and I should be enjoined and accounted for. Surely we have jurisdiction to make such order without reference to the term, and certainly the court below has power to hear it, because it has jurisdiction of the bill.

We are of opinion that the order prayed for should be granted. The order is therefore allowed.

BUFFINGTON, Circuit Judge, dissents.